The bill was filed in August, 1843, and prays the payment of a lost bond. It states that previous to December, 1836, the defendant was indebted to the plaintiff in the sum of $60, and, for the purpose of securing the same, executed to the plaintiff a bond for that sum, with another person as his (382) surety, who has removed from this State. The bill states, that the plaintiff is unable to remember the date of the bond, or who was the subscribing witness to it; but it avers that it was payable on some day in December, 1836. The bill further states, that in 1839, the plaintiff lost his pocketbook, which contained that bond and several others, and that he has never been able to recover this or any other of those papers; but that they are certainly lost: That the plaintiff never received from the defendant, nor the other obligor, nor any other person, payment of the debt, or any part of it, but that the whole sum, together with interest thereon, is due to him: And, after a tender of indemnity, the bill prays payment. The bill is verified by the affidavit of the plaintiff.
The answer denies, that the defendant ever gave the plaintiff a bond by himself, or with any other person, for the sum of $60, or any other sum, during the year 1836, or any subsequent period; and it avers that the defendant paid every debt *Page 296 
which he had contracted to the plaintiff at any time before 1836.
There is evidence that, in January, 1836, the plaintiff held a bond of the defendant to him for $100, which the defendant paid and took up; and there is no evidence of subsequent dealings between them. But a son of the plaintiff states, that in 1842 or 1843, in a conversation with the witness respecting the bonds of some other persons, which the plaintiff had stated he had lost, the defendant remarked, "your father had a note against me for about sixty dollars, and it is gone as well as the rest; and I am not willing to pay it, unless it be produced." The wife of the last witness states, that, about the same period, she heard a conversation between the plaintiff's wife and the defendant, in the course of which the former said, "I have no harm against you, Mr. Meacham, if you would pay my husband the money you borrowed of him"; and he replied: (383) "Well, if he will bring me my note, I will pay him; but he has lost my note, and I do not want to pay it twice." The witness states, that she knew nothing of the debt, and that neither of the other persons mentioned what money was alluded to, nor what sum was due or alleged to be due from the defendant.
The evidence is not sufficient to authorize a decree for the plaintiff, in opposition to the answer, which peremptorily denies the execution of any such bond, or the existence of any debt whatever. Without stopping to consider, whether any proof of the loss of the bond is necessary upon the hearing, and admitting some to be requisite, it seems pretty certain, that very slight evidence answers on that point; and we should be satisfied with that before us, supposing it, however, to be first admitted or established, that the bond once actually subsisted, which it is alleged has been lost. Upon that question there is nothing in the nature of the jurisdiction of a court of equity, when the answer denies that there was a bond, to dispense with the degree of proof, which a court of law would call for, to be laid before a jury on non est factum pleaded to a declaration on a lost bond. As the declaration would have to aver the sealing of the obligation, and identify it by its date, day of payment, and the sum mentioned in it, so the proof would have to come up to that description. Upon evidence so vague as not to fix any date, day of payment, or certain sum mentioned in it, and leaving it doubtful whether the *Page 297 
instrument was a bond or note, a verdict could not be expected for the plaintiff on such declaration. Much less can a decree here, since the defendant's answer is by the rules of equity evidence for him. Here no date or day of payment is specified by either witness. One of them is unable to mention any sum, as acknowledged or claimed; and both call (384) the instrument a note, instead of a bond. The plaintiff's son says, indeed, that the defendant admitted the amount to be "about sixty dollars." That is the only evidence to the fact. It is possible, perhaps probable, that the plaintiff had the defendant's note for that amount, and we rather believe that he had a bond or note for some amount; but the Court can not declare that to be the fact in a decree, upon so vague a statement from one witness, in opposition to the positive oath of the defendant, especially when the bill states that another person executed the instrument as a surety, and the plaintiff has not called for an answer from that person by making him a defendant, nor attempted to examine him as a witness. Under such circumstances the Court is obliged to declare, that the plaintiff has not established, that the defendant executed to him a bond for the sum of $60, payable in December, 1836, as alleged by him; and therefore his bill must be dismissed. But the Court does not deem it a proper case for costs.
PER CURIAM. BILL DISMISSED.
(385)